UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE M.,[1]<br>    Plaintiff<br>v.<br>ANDREW M. SAUL, Commissioner of Social Security,[2]<br>    Defendant. | Case No. 2:18-cv-09183-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Stephanie M. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 10 and 12] and briefs addressing disputed issues in the case [Dkt. 20 ("Pl. Br.") and Dkt. 24 ("Def. Br.")]. The matter is now ready for decision. For the reasons discussed below, the Court

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party.

[2] Andrew M. Saul, now Commissioner of the Social Security Administration, is substituted as defendant for Nancy A. Berryhill. *See* Fed. R. Civ. P. 25(d).

finds that this matter should be affirmed.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On December 9, 2014, Plaintiff filed her application for DIB alleging disability based primarily on back pain, diabetic neuropathy, and vision problems. [Dkt. 15, Administrative Record ("AR").] Plaintiff's application was denied initially, on reconsideration, and after a hearing and supplemental hearing before Administrative Law Judge ("ALJ") Diana Coburn [AR 1-6, 15-26.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 416.920(b)-(g)(1). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 15, 2014, the alleged onset date. [AR 18.] At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, neuropathy, diabetes mellitus, type II, adhesive capsulitis, rotator cuff syndrome, mild acromioclavicular osteophytosis of the left shoulder, and obesity. [AR 18.] The ALJ determined at step three that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 19.]

Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work. [AR 20.] Applying this RFC, the ALJ found at step four that Plaintiff could return to her past relevant work as a sales representative or photographer and thus she is not disabled. [AR 25]. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. [AR 1-6.] This appeal followed.

## III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec.*

*Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (internal citation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV. DISCUSSION

Plaintiff contends that the ALJ erred by failing to properly consider the opinion of her treating physician—Jesus Arena, M.D. [Pl's Br. 2-4.] The Court finds that a remand or reversal on this basis is not warranted.

### A. Legal Standard

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009); *see also* 20 C.F.R. § 404.1527. In general, a treating physician's opinion is entitled to more weight than an examining physician's opinion and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "The medical opinion of a claimant's treating physician is given 'controlling weight' so long as it 'is well-supported by

3

medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)).[3]

An ALJ must provide clear and convincing reasons supported by substantial evidence to reject the uncontradicted opinion of a treating or examining physician. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester*, 81 F.3d at 830-31). Where such an opinion is contradicted, however, an ALJ may reject it only by stating specific and legitimate reasons supported by substantial evidence. *Bayliss*, 427 F.3d at 1216; *Trevizo*, 871 F.3d at 675. The ALJ can satisfy this standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)); *see also* 20 C.F.R. § 404.1527(c)(2)-(6) (when a treating physician's opinion is not given controlling weight, factors such as the nature, extent, and length of the treatment relationship, the frequency of examinations, the specialization of the physician, and whether the physician's opinion is supported by and consistent with the record should be considered in determining the weight to give the opinion).

**B. Dr. Arenas**

In April 2013, Plaintiff began treating with her primary care physician, Dr. Arenas for complaints of low back pain and numbness in her feet and hands. [AR

---

[3] For claims filed on or after March 27, 2017, the opinions of treating physicians are not given deference over the opinions of non-treating physicians. *See* 20 C.F.R. § 404.1520c (providing that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources"); 81 Fed. Reg. 62560, at 62573-74 (Sept. 9, 2016). Because Plaintiff's claim for DIB was filed before March 27, 2017, the medical evidence is evaluated pursuant to the treating physician rule discussed above. *See* 20 C.F.R. § 404.1527.

4

493.] In a series of follow-up appointments, Plaintiff continued to complain of back pain, numbness and shoulder pain. [AR 488, 478, 470.] Dr. Arenas referred Plaintiff for an MRI which revealed multilevel disc bulges with mild foraminal narrowing. [AR 472-473.] In October 2014, Plaintiff was again referred for an MRI. Following the results of that MRI scan, the neurologist advised Plaintiff to continue "conservative management and control of her diabetes under [Dr. Arenas'] supervision." [AR 423.] The neurologist additionally recommended that Plaintiff may benefit from physical therapy if she continues to have back pain. [AR 423.] In June 2017, Plaintiff continued to complain of very limited and painful range of motion in her left shoulder, however the range of motion in her fingers was normal. [AR 641.] Dr. Arenas ordered Plaintiff to follow up in 3 months and directed Plaintiff to do "ROM" exercises for left her shoulder. [AR 641.]

In a medical impairment questionnaire dated June 14, 2017, Dr. Arenas stated that Plaintiff was limited in her ability to complete physical activities. [AR 629-631.] Dr. Arenas' report opined that Plaintiff can use her left upper extremity to lift and carry less than ten pounds both frequently and occasionally, can stand and walk for approximately two hours during an eight-hour workday, and can sit for approximately two hours during an eight-hour workday. [AR 629.] The treating physician further opined that Plaintiff is restricted in the use of her left upper extremity for fine and gross manipulation and she would be expected to miss more than three days of work per month as a result of her impairments or treatment. [AR 630-631.] Dr. Arenas explained that these limitations are attributable to Plaintiff's diabetic polyneuropathy and left shoulder adhesive capsulitis. [Id.]

Dr. Arenas continued to treat Plaintiff for her diabetes, left shoulder pain and the symptoms related to her diabetic polyneuropathy through the date of the administrative hearing. [AR 636-644.] Dr. Arenas generally recorded Plaintiff's steady history of back pain and numbness. Overall, throughout Plaintiff's treatment,

Dr. Arenas made only minor adjustments to Plaintiff's medications and did not prescribe any special treatment beyond medication, referrals, and at-home exercises.

The ALJ discussed Dr. Arenas' opinion as follows:

I give little weight to the opinion of treating physician, Dr. Arenas, who provided a medical source statement in June of 2017, stating the claimant can lift and carry less than 10 pounds frequently and occasionally, can stand and walk for two hours in an eight-hour day, must change positions hourly, can occasionally twist, stoop, and climb stairs, but can never crouch or climb stairs, has limitations in reaching, handling, fingering, feeling, pushing, and pulling, should avoid extreme temperatures and hazards, and can be expected to be absent from work more than three times a month. I give little weight to this opinion because it overstates the claimant's functional limitations without objective support from the record; for example, Dr. Arenas indicated absenteeism more than three times a month without an explanation, and also stated manipulative limitations without specifying the degree of limitation (*e.g.*, never, occasionally, frequently, etc.). Additionally, it is unclear whether Dr. Arenas' opinion accounted for the claimant's non-compliance with medication. [AR 25.]

### C. Analysis

The ALJ gave "little weight" to the work restrictions assessed by Dr. Arenas in the medical impairment questionnaire, finding that they were overly restrictive and unsupported by the medical evidence. [AR 24.] Dr. Arenas opined that Plaintiff could lift less than 10 pounds occasionally and she can stand and walk for two hours in an eight-hour day, but she must change positions hourly. [AR 629.] Elsewhere in the record, the consultative physician who examined Plaintiff in May 2017, Dr. Seung Ha Lim, opined that Plaintiff can lift and carry 10 pounds frequently and she can stand, sit, and walk for six hours in an eight-hour work day. [AR 24, 531-534.] As Dr. Arenas' findings conflicted with the opinions of other doctors, the ALJ needed to provide specific and legitimate reasons supported by substantial evidence

in the record to reject his assessment of Plaintiff's limitations. *See Bayliss*, 427 F.3d at 1216. The ALJ did so here.

The ALJ found Dr. Arenas' treatment records lacked significant, objective evidence to support the extreme work-related limitations assessed. This was a legitimate reason to accord Dr. Arenas' opinion less weight. If a treating doctor's "reports and assessments . . . contain no objective evidence to support his diagnoses," the opinion need not be accepted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). "An ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings." *See Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citation omitted). Dr. Arena's findings with respect to Plaintiff's absenteeism are brief and conclusory, and not supported by objective evidence on its face. An examination of Dr. Arenas' treating record does not change that assessment.

The record before the ALJ included progress notes from office visits with Dr. Arenas from April 1, 2013 to September 20, 2017. Throughout the majority of those visits, Plaintiff presented with complaints of pain on motion with decreased range of motion in her left shoulder and tingling and numbness of the hands and feet related to her diabetic polyneuropathy. [*See e.g.* AR 444, 455, 464, 479, 493, 517.] Despite what appears to be consistent aggravation and pain, in assessing Plaintiff's ability to do work related activities, Dr. Arenas' opined that Plaintiff would arguably be able to work on some days, but she would be absent from work more than three times a month. [AR 631]. Dr. Arenas did not point to or identify any clinical findings, or otherwise explain what it was that led him to associate Plaintiff's daily shoulder limitations and numbness with excessive absenteeism. Moreover, the supporting treatment records do not demonstrate a condition that would cause Plaintiff to be regularly absent from work. Rather, Plaintiff appears to suffer from a chronic and steady condition that limits her ability to reach and feel on her left side. Given the nature of her condition, there is nothing in the treatment records that

would allow the ALJ to draw the inference that the steady shoulder pain and the numbness Plaintiff experiences daily would intermittently prevent her from attending work. Conversely, Plaintiff's treatment records did reflect one instance where Plaintiff's condition rendered her unable to get out of bed (and presumably unable to attend work), however Plaintiff explained that was due to sadness and fatigue she was experiencing following her sister's death a few months earlier. [AR 578.]

Thus, absent an explicit explanation linking Plaintiff's consistent pain with her occasional inability to attend work, the ALJ reasonably rejected Dr. Arenas' conclusory opinion with respect to Plaintiff's absenteeism. *See e.g. Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (an ALJ may reject a treating physician's opinion if it is "brief, conclusory, and inadequately supported by clinical findings"); *Carmickle v. Comm'r of Soc. [Sec.] Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (an ALJ may discount a medical opinion based on contradictions between the opinion and contemporaneous treatment notes).

Second, the ALJ noted that there was no indication whether Dr. Arenas' opinion took into consideration Plaintiff's admitted failure to take her medication as prescribed. [AR 25.] Throughout the record, Plaintiff admitted that she regularly declined to follow her treatment plan. [*See* AR 465 (Plaintiff does not want epidural); AR 470 (did not do blood tests); AR 574 (cannot always afford meds, skipping doses); AR 587 (did not buy lidocaine gel); AR 641 (not taking metaformin). At the hearing, Plaintiff further testified that she does not like taking a lot of medications and that she rationed her medications so that they would not lose effectiveness for when she "really need[ed] it." [AR 77.] However, Plaintiff stated that when she does take her pain medications they provide relief for "about six hours." [AR 21.] The ALJ was not obligated to fully accept the treating physician's opinion given that objective medical evidence indicated that Plaintiff was non-compliant with treatment that relieved her symptoms. The Court fails to see how

the ALJ could rely on the treating physician's opinion of Plaintiff's limitations when Dr. Arenas failed to assess the effectiveness of Plaintiff's treatment given her repeated non-compliance with her prescribed treatment plan.

Finally, Plaintiff contends that the ALJ should have re-contacted Dr. Arenas for clarification before rejecting his opinion as unsupported by clinical findings. (Pl.'s Br. at 4.) An ALJ's duty to seek additional information from a treating physician is triggered "only when the evidence from the treating medical source is inadequate to make a determination as to the claimant's disability." *See Thomas*, 278 F.3d at 958. Here, the ALJ did not make a finding that Dr. Arenas' opinion was inadequate to make a determination regarding Plaintiff's disability claim. Rather, the ALJ found that Dr. Arenas' opinion was unsupported by clinical findings, which is not the same as characterizing it as unclear, ambiguous, or inadequate to make a disability determination. *See Bayliss*, 427 F.3d at 1217 (finding that a treating physician's opinion that the ALJ rejected because it was contradicted by clinical notes was not the same as an "ambiguous" or "insufficient" opinion that required the ALJ to recontact the treating psychologist); *see also Thomas*, 278 F.3d at 958 (recognizing that a "contradictory" opinion by a treating physician is not the same as an "inadequate" one). Thus, the ALJ was not required to recontact Dr. Arenas for clarification.

In light of the ALJ's specific findings, as well as the record as a whole, the Court finds that the ALJ provided specific and legitimate reasons, supported by substantial evidence, to attribute little weight to the conclusions of Dr. Arenas. The Ninth Circuit has long held that "the ALJ need not accept a treating physician's opinion which is 'brief and conclusory in form with little in the way of clinical findings to support [its] conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *see also Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) ("[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings." (internal

quotation, emphasis, and citations omitted)).  This issue, therefore, does not warrant remand.

### V.     CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED: November 25, 2019      _____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE